UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WEIGUO CAI,

               Plaintiff,

      v.

CIVIL COURT OF THE CITY OF NEW
YORK COUNTY OF RICHMOND and
DENNIS O. COHEN,

               Defendants.

**MEMORANDUM & ORDER**
22-CV-07379 (HG)

**HECTOR GONZALEZ**, United States District Judge:

On November 28, 2022, Plaintiff Weiguo Cai commenced this *pro se* lawsuit, alleging

that Defendants violated his civil rights during a separate judicial proceeding in the New York

City Civil Court, Richmond County (the "Civil Court").  ECF No. 1.  At the same time, Plaintiff

sought permission to proceed *in forma pauperis*.  ECF No. 2.  The Court grants Plaintiff's

request to proceed *in forma pauperis* and dismisses his complaint without leave to amend.

Plaintiff's claims for damages against the Civil Court are barred by the Eleventh Amendment,

and the Court cannot exercise jurisdiction over the claims for injunctive relief against the Civil

Court.  Plaintiff's purported Section 1983 claim fails to state a claim against Defendant Dennis

Cohen because Cohen, a private attorney, did not act under color of state law during Plaintiff's

Civil Court litigation, and the Court lacks diversity jurisdiction over any conceivable alternative

claim that Plaintiff could assert against Cohen.

## BACKGROUND

The exact facts giving rise to Plaintiff's claims are not apparent from his complaint, but

Plaintiff alleges that he received some sort of adverse judgment in the Civil Court, which is a

court established by New York State and funded by the City of New York to hear claims

involving less than $50,000.  *See* ECF No. 1 at 5.  Plaintiff cites Rule 60 of the Federal Rules of

Civil Procedure, which authorizes courts to provide relief from a prior federal court judgment or

order, and asks the Court to set aside the Civil Court's judgment due to unspecified "mistakes,"

"legal errors," and "fraud."  *Id.*  Plaintiff also demands $30,000 in damages from the Civil Court.

*Id.* at 6.

Plaintiff also names as a Defendant an attorney named Dennis O. Cohen, who

participated in the Civil Court lawsuit in a capacity that Plaintiff has not described.  Plaintiff

alleges that Cohen "collu[ded]" with the Civil Court and "use[d] sanctions to intimidate

[P]laintiff."  *Id.* at 5.  Plaintiff demands $35,000 in damages from Cohen because of Cohen's

allegedly improper threats of sanctions.  *Id.* at 6.

Plaintiff also demands injunctive relief against both Defendants, but he does not specify

the nature of the injunctive relief that he seeks other than that the Court "stop Defendant's all

fraud[,] sanctions[,] and benefits from [P]laintiff."  *Id.*  Plaintiff's complaint does not describe

the procedural posture of the Civil Court litigation or reconcile the apparent inconsistency as to

how he can seek relief from a judgment in a closed Civil Court case while simultaneously

asserting that he needs injunctive relief related to ongoing Civil Court proceedings.  *See id.*

A review of the Civil Court's publicly available docket sheds some light on the events

giving rise to Plaintiff's complaint.[1]  Plaintiff alleges that Defendants' misconduct occurred on

several different dates in 2022:  September 14 and 21 and October 25.  ECF No. 1 at 5.  During

that time, Plaintiff was in the midst of litigating multiple lawsuits involving PayPal, which

Cohen represented as its outside counsel.  This led to a separate lawsuit in the Civil Court in

---

[1]     The Court may take judicial notice of dockets from other courts' proceedings because
they are public records, including when deciding whether to dismiss a complaint.  *See*
*Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

which Plaintiff sued Cohen personally based on alleged misconduct that Cohen committed during a court conference related to discovery. *See Cai v. PayPal Inc.*, No. 151878/2022 (N.Y. Civ. Ct.) (NYSCEF No. 16).

Plaintiff's lawsuits against Cohen and PayPal included a court appearance on September 14, 2022, during which Plaintiff voluntarily dismissed one lawsuit against PayPal. *Id.* The Civil Court dismissed Plaintiff's claims against Cohen on September 21, 2022, holding that Cohen's actions fell within the permissible scope of attorney advocacy during discovery. *Id.* The Civil Court followed up its dismissal of Plaintiff's case with an order sanctioning Plaintiff on October 25, 2022, directing Plaintiff to pay Cohen $250 as a sanction, and warning Plaintiff that he might be held in contempt of court if he failed timely to pay. *Cai v. PayPal Inc.*, No. 151878/2022 (N.Y. Civ. Ct.) (NYSCEF No. 17).

Plaintiff does not appear to have filed a state court appeal of the orders in his lawsuit against Cohen, but he has appealed to the Appellate Division, Second Department the dismissal of a separate lawsuit against PayPal. *Cai v. PayPal Inc.*, No. 2022-10249 (N.Y. App. Div.) (NYSCEF No. 1). In that notice of appeal, Plaintiff complains about misconduct that Cohen allegedly committed while acting as PayPal's attorney. *Id.* That appeal is still pending.

Plaintiff alleges that he lives in Richmond County and that Defendant Cohen lives in Kings County. *See* ECF No. 1 at 2–3. The Civil Court is located in Richmond County. *Id.* at 2. Plaintiff filed his complaint on a pre-printed form created by the Eastern District of New York's *Pro Se* Office, but he left blank the page of the form that asks questions regarding the basis for the Court's jurisdiction. *See id.* at 4. The form is designed for claims asserted pursuant to either 42 U.S.C. § 1983 or the Supreme Court's decision in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and its progeny. Since Plaintiff's complaint discusses only events occurring in

3

the Civil Court, his complaint describes no conceivable claim against the federal government or one of its agents, so Plaintiff cannot possibly be asserting a *Bivens* claim.

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

Despite this leniency afforded to *pro se* plaintiffs, when a plaintiff seeks permission to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts must be careful when reviewing complaints submitted by plaintiffs seeking *in forma pauperis* status "not to conflate easy cases with inarguable or fanciful

---

[2]       Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

ones, as only the latter warrant dismissal" as frivolous. *Alvarez v. Garland*, 33 F.4th 626, 637 (2d Cir. 2022). The Court therefore may not dismiss a complaint filed by a plaintiff proceeding *in forma pauperis*, pursuant to 28 U.S.C. § 1915(e), "simply because the [C]ourt finds the plaintiff's allegations unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The Court may, however, dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," and the Court need not restrict itself to facts capable of judicial notice when reaching that conclusion. *Id.*

## DISCUSSION

Plaintiff's claim for damages against the Civil Court fails because the Eleventh Amendment provides the Civil Court with sovereign immunity from suits for damages brought in federal court. The Second Circuit "ha[s] squarely held that the New York State Unified Court System . . . is an arm of the state" and therefore entitled to sovereign immunity from damages suits pursuant to the Eleventh Amendment. *Barone v. Lawyers' Fund for Client Prot.*, No. 22-58-cv, 2023 WL 1975783, at *2 (2d Cir. Feb. 14, 2023) (citing *Gollomp v. Spitzer*, 568 F.3d 355, 366–68 (2d Cir. 2009)). Even if Plaintiff's claims are asserted pursuant to Section 1983, the Eleventh Amendment's sovereign immunity still applies because the Supreme Court held long ago that Congress "did not abrogate" the states' sovereign immunity "by enacting Section 1983." *Arafa v. New York*, No. 22-cv-4475, 2022 WL 3867650, at *2 (E.D.N.Y. Aug. 30, 2022) (citing *Quern v. Jordan*, 440 U.S. 332, 343–45 (1979)).

Although the salaries of Civil Court personnel are paid by the City of New York, *see* N.Y. C.C.A. § 104, the City's Civil Courts were established by the New York State legislature and are a part of the New York State Unified Court System, *see* N.Y. C.C.A. § 102. As part of that system, the Civil Court is considered an arm of New York State for Eleventh Amendment

purposes and is therefore entitled to sovereign immunity. *See Kong v. Dajin Realty, Inc.*, No. 23-cv-833, 2023 WL 2118085, at *1 (S.D.N.Y. Feb. 17, 2023) (holding that "[b]oth the Bronx Housing Civil Court and the Queens Housing Civil Court are part of the New York State Unified Court System, which is a well-established arm of the state" and dismissing claims against them as barred by the Eleventh Amendment); *Wu v. Civil Ct. of the City of New York*, No. 21-cv-8668, 2022 WL 525561, at *3 (S.D.N.Y. Feb. 22, 2022) (holding that "[p]laintiff's claims against the Bronx Civil Court are barred under the Eleventh Amendment").

The Court lacks jurisdiction over the aspect of Plaintiff's claims against the Civil Court seeking relief from the Civil Court's judgment. "[T]he *Rooker-Feldman* doctrine establishes the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Edwards v. McMillen Cap., LLC*, 952 F.3d 32, 35 (2d Cir. 2020). "For the doctrine to apply, four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* The *Rooker-Feldman* doctrine bars review of a state court judgment even if a plaintiff alleges that the judgment was procured through attorney misconduct. *Brady v. Goldman*, 714 F. App'x 63, 64 (2d Cir. 2018) (affirming dismissal, pursuant to *Rooker-Feldman*, of claims by *pro se* plaintiff under such circumstances).

Since all four elements required by the *Rooker-Feldman* doctrine apply to Plaintiff's request that the Court invoke Rule 60 to vacate the Civil Court's judgment in his lawsuit against Cohen, *Rooker-Feldman* bars the relief Plaintiff seeks. This remains true even though Plaintiff appears to assert a Section 1983 claim. *Gribbin v. N.Y. State Unified Ct. Sys.*, No. 18-cv-6100,

2020 WL 1536324, at *4 (E.D.N.Y. Mar. 31, 2020), *aff'd*, 838 F. App'x 646 (2d Cir. 2021) ("A plaintiff cannot circumvent *Rooker-Feldman's* bar by recasting her claims as civil rights violations."); *see also Tomczyk v. N.Y. Unified Ct. Sys.*, No. 19-cv-2753, 2019 WL 2437849, at *4 (E.D.N.Y. June 10, 2019) (holding that *Rooker-Feldman* prohibited injunction, sought by plaintiff asserting Section 1983 claims, against ongoing state proceedings after plaintiff received unfavorable decisions). *Rooker-Feldman* also applies to Plaintiff's request for injunctive relief against any other state court proceedings separate from his now-dismissed lawsuit against Cohen—whether those be other Civil Court lawsuits or Plaintiff's pending appeal in the Second Department. Enjoining the state court system from recognizing the Civil Court's judgment in Plaintiff's lawsuit against Cohen would amount to overturning that judgment. *See Gribbin*, 2020 WL 1536324, at *3.

To the extent that Plaintiff has not paid his monetary sanction imposed by the Civil Court and faces the possibility of contempt proceedings against him, the Court must abstain from granting any injunctive relief that interferes with those contempt proceedings, pursuant to the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny. The Court recognizes that the Second Circuit has recently explained "that *Younger* abstention applies only to a narrow class of state civil proceedings." *Cavanaugh v. Geballe*, 28 F.4th 428, 430 (2d Cir. 2022). However, contempt proceedings are one type of civil proceeding that the Supreme Court has said "clearly fall[s] within" the scope of *Younger* abstention. *Id.* at 433 (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013)).

Plaintiff's claims against Cohen also fail. To the extent Plaintiff asserts these claims under Section 1983, they fail because Cohen, as a private attorney participating in the Civil Court proceedings, was not acting "under color of" state law, as is required to assert a Section

1983 claim.  *See O'Donoghue v. U.S. Soc. Sec. Admin.*, 828 F. App'x 784, 787 (2d Cir. 2020) (affirming dismissal of claims against attorney representing plaintiff's adversary in prior state court litigation because "[p]rivate attorneys are generally not state actors for purposes of § 1983"); *Joseph v. Supreme Ct. of the State of N.Y.*, No. 21-cv-1685, 2021 WL 2414291, at *3 (E.D.N.Y. June 14, 2021) (dismissing as "beyond the scope of Section 1983 liability" claims against attorneys from the Legal Aid Society who participated in plaintiff's state court proceeding); *Hopkins v. Comptroller*, No. 22-cv-4505, 2022 WL 2954350, at *3 (S.D.N.Y. July 26, 2022) (holding that "the representation of a party by private counsel does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983").

If Plaintiff's claims against Cohen are not based on Section 1983, then their only conceivable basis is common law fraud, some other common law tort, or potentially New York Judiciary Law § 487, which creates a civil claim for certain forms of deceit by attorneys.  *See* N.Y. Jud. L. § 487; *Sanderson v. HSBC Bank USA*, No. 21-cv-2498, 2021 WL 3146030, at *2 (E.D.N.Y. July 26, 2021) (interpreting allegations that defendants obtained court judgment through "collusion" as claim arising under N.Y. Jud. L. § 487 and dismissing claim for lack of diversity jurisdiction).  If that is the case, then diversity jurisdiction does not exist because both Plaintiff and Cohen are citizens of New York, and Plaintiff's total demand of $65,000 from both Defendants falls below the $75,000 amount-in-controversy threshold of 28 U.S.C. § 1332. *Brady*, 714 F. App'x at 64 (affirming dismissal, for lack of diversity jurisdiction, of claims against opposing counsel in state court litigation "for violations of New York Judiciary Law § 487, fraud, [and] intentional infliction of emotional distress").  The Court takes no position on whether Plaintiff's claims adequately allege that Defendants' "liability is common, undivided, or joint," thereby allowing Plaintiff to "satisfy the jurisdictional minimum by aggregating claims

8

against multiple defendants" because even if Plaintiff were permitted to aggregate his alleged damages, those damages still fall below the jurisdictional minimum.  *See Elavon, Inc. v. Ganzfried*, No. 20-cv-908, 2022 WL 4642718, at \*5 (E.D.N.Y. Sept. 30, 2022) (describing the standard for determining when plaintiffs may establish diversity jurisdiction by aggregating claims against multiple defendants).

Although district courts typically allow *pro se* plaintiffs an opportunity to amend their complaints, the Court denies leave to amend because the nature of the defects in Plaintiff's claims would render any amendment futile.  Other courts in this District have similarly denied leave to amend to *pro se* plaintiffs whose claims presented the same types of defects as Plaintiff's complaint does.  *See Kelly v. New York*, No. 19-cv-2063, 2020 WL 7042764, at \*11 (E.D.N.Y. Nov. 30, 2020) (denying leave to amend where court dismissed claims against some defendants based on the Eleventh Amendment); *Gribbin*, 2020 WL 1536324, at \*8 (denying leave to amend where court dismissed some claims based on *Rooker-Feldman* doctrine and the Eleventh Amendment); *Joseph*, 2021 WL 2414291, at \*4 (denying leave to amend after dismissing Section 1983 claims against private attorneys); *Johnson v. Horowitz*, No. 22-cv-325, 2022 WL 683755, at \*3 (E.D.N.Y. Mar. 7, 2022) (denying leave to amend where court abstained based on *Younger* from intervening in state court proceeding).

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis*, is dismissed both because it fails to state a claim upon which relief may be granted and because it seeks monetary relief against a defendant that is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  The Court dismisses Plaintiff's claims against the Civil Court for lack of jurisdiction without prejudice to Plaintiff re-filing those claims in another court that may have jurisdiction to decide them.  The Court dismisses

Plaintiff's purported Section 1983 claim against Cohen with prejudice for failure to state a claim. The Court dismisses any other claims that Plaintiff may have against Cohen related to the allegations in Plaintiff's complaint for lack of diversity jurisdiction without prejudice to Plaintiff re-filing those claims in another court that may have jurisdiction to decide them.

The Clerk of Court is respectfully directed to enter judgment dismissing Plaintiff's complaint, to mail a copy of the judgment and this order to the *pro se* Plaintiff, and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

 */s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       March 2, 2023

10