UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

WEIGUO CAI,

               Plaintiff,

v.

CIVIL COURT OF THE CITY OF NEW YORK COUNTY OF RICHMOND and DENNIS O. COHEN,

               Defendants.

**MEMORANDUM & ORDER**
22-CV-07379 (HG)

---

**HECTOR GONZALEZ**, United States District Judge:

The Court previously dismissed Plaintiff's *pro se* complaint in full with prejudice and without leave to amend. Plaintiff has moved for reconsideration. ECF No. 7. The Court grants Plaintiff's motion for reconsideration because the Second Circuit has issued a decision that amounts to an intervening change in law with respect to one of the grounds for the Court's dismissal of Plaintiff's claims. Nevertheless, for the reasons set forth below, the Court still dismisses Plaintiff's complaint in full and with prejudice.

## PROCEDURAL HISTORY

The Court explained the procedural history of this case in detail in its prior decision, *see* ECF No. 5, and it recounts that history only to the extent necessary to decide Plaintiff's motion for reconsideration. Plaintiff previously filed in the New York City Civil Court, Richmond County (the "Civil Court") civil lawsuits against PayPal, which is not a party to this case, and its outside counsel, Defendant Cohen. After the Civil Court dismissed both cases, Plaintiff appealed the dismissal of his lawsuit against PayPal to the Appellate Division and also brought this lawsuit seeking damages against both the Civil Court and Cohen. ECF No. 1. Plaintiff's

complaint also expressly asked this Court to vacate the Civil Court's judgments pursuant to Rule 60 of the Federal Rules of Civil Procedure. *Id.*

The Court held that the Eleventh Amendment prohibited Plaintiff from asserting a claim for damages against the Civil Court because it is a state governmental entity. ECF No. 5. With respect to Defendant Cohen, the Court held that Plaintiff could not assert a federal law claim for a purported violation of Plaintiff's civil rights, pursuant to 42 U.S.C. § 1983, against a non-state actor, such as a private attorney representing a private entity, and that Plaintiff could not demonstrate that diversity of citizenship existed between him and Cohen, as necessary to assert a state law claim. *Id.*

The Court also rejected Plaintiff's claims for injunctive relief. ECF No. 5. The Court held that it lacked subject matter jurisdiction to vacate the Civil Court's order imposing a contempt sanction on Plaintiff pursuant to the *Rooker-Feldman* doctrine, which generally prohibits federal district courts from acting as appellate courts with respect to state court decisions. *Id.* The Court also held that *Younger* abstention prohibited the Court from enjoining the Civil Court from enforcing its contempt sanction because, even though the Second Circuit has recently clarified that *Younger* abstention applies only to a relatively narrow class of civil proceedings, contempt proceedings still fall within the scope of the abstention doctrine. *See Cavanaugh v. Geballe*, 28 F.4th 428, 430, 433 (2d Cir. 2022). Finally, the Court held that Plaintiff could not overcome these grounds for dismissal through filing a better-pled complaint, so it dismissed Plaintiff's complaint without leave to amend. ECF No. 5.

Plaintiff filed a motion asking the Court to reconsider its dismissal decision. ECF No. 7. Plaintiff's motion is difficult to decipher, but the gist of his motion is that the Court should not have relied in any way on the Civil Court's dismissal of his case because that dismissal was

obtained by fraud due to Cohen's alleged misconduct while acting as PayPal's attorney.  *Id.*  Plaintiff also insists that subject matter jurisdiction exists because someone affiliated with the Civil Court told him that he could appeal that court's decision to federal court.  *Id.*

## DISCUSSION

"A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021).[1]  Based on these criteria, the grounds for reconsideration asserted in Plaintiff's motion lack merit.  The Court may take judicial notice of dockets from other courts' proceedings because they are public records, including when deciding whether to dismiss a complaint.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).  The Court relied on the Civil Court docket to confirm that the Civil Court had entered orders dismissing Plaintiff's lawsuits and imposing contempt sanctions on Plaintiff, both of which are judicially noticeable facts.  The Court did not rely on any representations or arguments made by PayPal or Cohen in any papers filed on that docket, which Plaintiff contends were fraudulent.  Additionally, a federal court's subject matter jurisdiction cannot be conferred through the consent of the applicable parties, so Plaintiff's insistence that personnel from the Civil Court told him that he could bring a federal lawsuit does not provide subject matter jurisdiction.

However, after the Court's decision dismissing Plaintiff's complaint, the Second Circuit issued a decision in which it clarified the scope of the *Rooker-Feldman* doctrine.  *See Hunter v. McMahon*, 75 F.4th 62, 65 (2d Cir. 2023).  In that decision, the Second Circuit explained:

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

"*Rooker-Feldman* applies when the losing party in state court file[s] suit in federal court *after the state proceedings ended*. When an appeal remains pending in state court, the state proceedings have not ended and *Rooker-Feldman* does not apply." *Id.* (emphasis in original). But the Second Circuit also explained that although the *Rooker-Feldman* doctrine does not deprive federal courts of jurisdiction while a state court appeal of a judgment is pending, the ordinary rules of claim and issue preclusion still apply to a lower state court's judgment. *Id.* at 71.

The Second Circuit's clarification of the *Rooker-Feldman* doctrine amounts to an intervening change in law. As explained in the Court's prior decision, Plaintiff had filed separate Civil Court lawsuits against both PayPal and Cohen, but Plaintiff appealed only the dismissal of the lawsuit against PayPal within the New York court system to the Appellate Division. ECF No. 5. To the extent Plaintiff wants the Court to review and set aside the Civil Court's dismissal of his case against Cohen, that state court lawsuit has ended, and the *Rooker-Feldman* doctrine still bars that claim for relief. *See Hunter*, 75 F.4th at 65.

Since Plaintiff's state court appeal of his Civil Court lawsuit against PayPal is still pending, *Rooker-Feldman* does not apply to Plaintiff's request to set aside the Civil Court's judgment in that lawsuit. However, federal courts must "afford[] state court judgments the same preclusive effect those judgments would have in the courts of the rendering state under the Full Faith and Credit Act, 28 U.S.C. § 1738." *Watley v. Dep't of Children & Families*, 991 F.3d 418, 425 (2d Cir. 2021). "Under New York law, collateral estoppel," which is also known as issue preclusion, "bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 988 F.3d 634, 642 (2d Cir. 2021).

4

Both of these requirements are satisfied here because, since Plaintiff seeks to overturn the Civil Court's judgment, he necessarily wants this Court to address issues already decided by that court. And despite Plaintiff's protestations of fraud, the Civil Court provided him with a full and fair opportunity to litigate his claims against PayPal. *See Nicholson v. Bank of N.Y. Mellon*, No. 22-cv-3177, 2023 WL 5526715, at *7–8 (S.D.N.Y. Aug. 28, 2023) (holding that issue preclusion prevented plaintiff from bringing claim in federal court that state court judgment was obtained through "fraud on the [state] court").

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's motion for reconsideration, *see* ECF No. 7, but nevertheless dismisses Plaintiff's complaint. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Court's staff will mail Plaintiff a copy of this order and copies of the unpublished decisions referenced in this order, in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

SO ORDERED.

                                                */s/ Hector Gonzalez*
                                                HECTOR GONZALEZ
                                                United States District Judge

Dated: Brooklyn, New York
           January 3, 2024

5